## THE PEOPLE v. ELMER E. ROCKWELL.

### *Homicide.*

There can be no conviction of homicide on evidence that the accused knocked the deceased down with his fist and a horse jumped on him or kicked him and thus killed him.

Exceptions before judgment from Midland. Submitted October 23. Decided October 29.

MURDER. Respondent was convicted of manslaughter.

Attorney General *Otto Kirchner* for the People.

*Burton & Hemingway* and *T. E. Tarsney* for respondent.

CAMPBELL, C. J.  Respondent was convicted of manslaughter for killing one Wilber.  The death occurred during a dispute concerning the possession of a horse. Rockwell was shown to have struck Wilber with his fist and knocked him down.  It was not shown directly how he was killed, but it appeared distinctly this blow did not kill him.  The facts indicated either that Rockwell kicked him after he fell, or else that he was killed by the horse trampling on him.  On a first trial the jury disagreed.  On a second trial, after being out some time, they came in and asked the court to instruct them "whether the respondent would be guilty if he knocked Wilber down, and the horse jumped on him (Wilber) or kicked him, and thus killed him."  To which inquiry the court, as the record shows, reiterated that portion of the charge before given that he would be so guilty.  The jury then found him guilty.

The charge before given was unqualified that if the blow was not justifiable and Wilber so fell that the horse jumped and struck Wilber and killed him with his feet, or kicking him, respondent was guilty.

It is impossible to maintain such a charge without making every one liable not only for natural and probable consequences, but for all possible consequences and circumstances which immediately follow a wrongful act. There was no necessary connection between the act of respondent and the conduct of the horse, which he cannot be said from the record to have been responsible for.  And the case was not even put as permissive.  The liability was laid down as positive.

The conviction cannot be maintained.  And inasmuch as it is clear from the record that the jury would not have convicted except upon this instruction, we think the court below should be advised to stop the prosecution.

The other Justices concurred.